UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES ROBERT WADSWORTH and
KAREN ANN WADSWORTH,

    Plaintiffs,

v.                                                  Case No:  2:17-cv-502-FtM-99CM

STATE FARM MUTUAL
AUTOMBILE INSURANCE
COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendant's Motion to Dismiss Amended Complaint (Doc. 23) filed on November 6, 2017, seeking dismissal of Plaintiff's bad-faith insurance claim (Count III).  Plaintiffs have not filed a response and the time to do so has expired.  For the reasons set forth below, the Motion is granted.

## **BACKGROUND**

This case arose from an automobile insurance coverage dispute between James Robert Wadsworth and his insurance carrier after he sustained injuries while crossing a street.  (Doc. 22, ¶ 4).  In the aftermath of the incident, James Robert Wadsworth sought

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

compensation from the owner of the vehicle, and ultimately settled his claim. (*Id.* at ¶ 8). Subsequent to the settlement, he then demanded underinsured motorist coverage from a State Farm insurance policy he had previously procured. (*Id.* at ¶¶ 7-8, 14). When State Farm failed to pay, Plaintiffs instituted the instant suit for breach of contract/underinsured (UM) motorist benefits (Count I), loss of consortium (Count II), and bad faith and unfair claims practices (Count III). Now, State Farm moves to dismiss Count III of the Complaint, arguing the claim does not accrue until there has been a favorable resolution of the coverage issue.

This is not the first time Plaintiffs have failed to respond to Defendant's argument that Plaintiffs' premature bad faith claim should be dismissed. Previously, the Court allowed Plaintiffs to file a belated Response to Defendant's first Motion to Dismiss. (Doc. 11). In that Response, Plaintiffs agreed that a bad faith claim is not ripe until the underlying coverage has been determined, stating, "the only question for this court is whether the bad faith claim should be abated or dismissed pending that determination." (Doc. 15, ¶ 3). Plaintiffs argue that abatement, rather than dismissal is appropriate.

Seeing that the first Complaint was a shotgun pleading, the Court did not rule on the substance of the Motion, but noted that it maintained serious doubt as to the viability of Plaintiffs' bad faith claim at this stage of the litigation. (Doc. 21, p. 2). Still, Plaintiffs included the bad faith claim in their Amended Complaint (Doc. 22, Count III).

## DISCUSSION

Florida, by statute, imposes a duty on insurers to settle their policyholders' claims in good faith. Fla. Stat. § 624.155. "Before a policyholder may file a bad-faith lawsuit in which she alleges that her UM insurer failed to settle a meritorious claim in good faith,

she must first establish that her claim was, indeed, meritorious." *Bottini v. Geico*, 859 F.3d 987, 993 (11th Cir. 2017) (citing *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So.2d 1289, 1291 (Fla. 1991). "She does so by obtaining a determination that her insurer is contractually liable under her UM insurance policy." *Id.* The determination of liability and the extent of damages are elements of a cause of action for bad faith. *Id.* (quoting *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1275 (Fla. 2000). *See also Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1124 (Fla. 2005).

Here, it is undisputed the bad faith claim is not yet ripe because it is contingent upon Plaintiffs prevailing on the underlying UM breach of contract claim. That being the case, the question is whether the unripe claim should be stayed pending a successful outcome of the UM claim, or dismissed without prejudice to be refiled. Courts have not settled on a single course of action for handling unripe bad faith claims simultaneously filed with coverage claims. *See Bele v. 21st Century Centennial Ins. Co.*, 126 F. Supp. 3d 1293, 1295 (M.D. Fla. 2015) (collecting cases). Some courts have dismissed the claim without prejudice, reasoning they are not justiciable claims under Article III of the United States Constitution, while others have abated the claims, citing judicial economy. *See Shvartsman v. Geico*, Case No. 6:17-cv-437-Orl-28KRS, 2017 WL 2734083, *1 (M.D. Fla. June 22, 2017) (collecting cases). "Ultimately, the decision of whether to abate or dismiss without prejudice rests in the sound discretion of the Court." *Id.* (citing *Vanguard Fire & Cas. Co. v. Golmon*, 955 So. 2d 591, 595 (Fla. 1st DCA 2006). The Florida Supreme Court has found that abatement is appropriate and favored. *Fridman v. Safeco Ins. Co. of Illinois*, 185 So. 3d 1214, 1229 (Fla. 2016).

Here, Plaintiffs argued that abatement would be preferred to conserve judicial resources. (Doc. 15, ¶ 7). However, the Court agrees with the reasoning in the group of cases that have dismissed unripe bad faith claims without prejudice. Notably, those decisions have recognized that Florida state courts do not have the same jurisdictional requirements as federal courts do under Article III, which prevents federal courts from adjudicating cases that are unripe for review or rest upon contingent future events that may not occur. See *Natl. Advertising Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005). Because that is the case here, the Court will dismiss Plaintiffs' unripe bad faith claim without prejudice to refiling if the UM contract claim is favorably resolved.[2]

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Amended Complaint (Doc. 23) is **GRANTED**. Plaintiffs' bad faith claim in Count III of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of November, 2017.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] Although Plaintiffs have not filed a response to the second Motion to Dismiss, the Court has considered the arguments made by Plaintiffs in response to the first Motion to Dismiss, seeking dismissal of the first Complaint, which was nearly identical to the Amended Complaint.